FILED IN CHAMBERS
THOMAS W. THRASH JR
U.S.D.C. Atlanta

MAY 1 3 2009

JAMES N. HATTEN, Clerk
By: Deputy Cl

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHESTER T. AKINS, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| MILTON E. (BUDDY) NIX, JR., | : | CIVIL ACTION NO. |
| et al., | : | 1:09-CV-0575-TWT |
|     Defendants. | : | |

## ORDER AND OPINION

Plaintiff, Chester T. Akins, previously was granted in forma pauperis status in this 42 U.S.C. § 1983 action, and the matter is now before the Court for screening under 28 U.S.C. § 1915A.

### I.    28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal

AO 72A
(Rev.8/82)

theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Erickson v. Pardus, 551 U.S. 89, _, 127 S. Ct. 2197, 2200 (2007) (applying Twombly in pro se prisoner action and stating "specific facts are not necessary," as long as the defendant receives fair notice of the plaintiff's claims and the grounds on which they rest).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275,

1276 (11th Cir. 1992). See also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Plaintiff is serving a life sentence for crimes committed in 1972, at which time the Georgia Board of Pardons and Paroles's (hereinafter "Board's") rules required an annual reconsideration hearing for release on parole. Akins v. Snow, 922 F.2d 1558,

3

1560 (11th Cir. 1991). In 1989, Plaintiff complained that the Board, in violation of the Ex Post Facto Clause, was applying to him a new rule that only required a parole reconsideration hearing every eight years. Akins v. Snow, No. 1:88-CV-2421-RCF (N.D. Ga. Jan. 17, 1992). This Court denied relief, and on appeal, the Eleventh Circuit Court of Appeals held that Plaintiff was entitled to annual reconsideration hearings and that the Board's application of the new eight-year rule to Plaintiff violated the Ex Post Facto Clause. Akins, 922 F.2d at 1565, 1562.[1] In 2000, Plaintiff filed an action in which he sought to enforce his entitlement to annual reconsideration hearings. Akins v. Ray, No. 1:00-CV-0469-TWT (N.D. Ga. Aug. 20, 2001). See Akins v. Perdue, 204 Fed. Appx. 839, 840 (11th Cir. 2006). In the 2000 case, the State of Georgia consented to the following permanent injunction: "[T]he Georgia Board of Pardons and Paroles

---

[1] The United States Supreme Court indirectly overruled Akins, 922 F.2d 1558, and held that application of the eight-year rule did not necessarily violate the Ex Post Facto Clause, and that to show an ex post facto violation, an inmate must show that application of a new rule created a significant risk of increasing his or her punishment. See Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002) (citing Garner v. Jones, 529 U.S. 244 (2000)). However, the Eleventh Circuit's determination that Plaintiff is entitled to annual reconsideration hearings is settled as to Plaintiff. See Precision Air Parts, Inc. v. Avco Corp., 736 F.2d 1499, 1503 (11th Cir. 1984) (stating that "the general rule in this circuit and throughout the nation is that changes in the law after final judgment do not prevent the application of . . . collateral estoppel, even though the grounds on which the decision was based are subsequently overruled").

4

is hereby permanently enjoined . . . to apply the reconsideration rule in effect at the time of Plaintiff's offense (at least annually) to all future parole reconsiderations until Plaintiff has served his sentence or been paroled." Akins, 204 Fed. Appx. at 841. In 2002, Plaintiff filed an action in which he challenged the Board's 2002 denial of parole because it was based on Plaintiff's talk with a member of the Board's staff rather than on an interview by an actual Board member. Akins v. Ray, No. 1:02-CV-0603-TWT (N.D. Ga. Oct. 31, 2002). (See Doc. No. 1 at 36.) This Court found that relief was unwarranted because Plaintiff's talk with a member of the Board's staff satisfied the requirement of a Board interview. (See Doc. No. 1 at 36-37.)

In February 2005, Plaintiff filed an action in which, among other things, he complained that the Board had violated the consent agreement by denying him parole without a hearing or interview of any type. Complaint at 15, Akins v. Perdue, No. 1:05-CV-0336-TWT (N.D. Ga. Apr. 21, 2006). This Court found that relief was unwarranted because Plaintiff was entitled to only an annual review, not a face-to-face hearing or interview. Opinion and Order dated April 18, 2006, Akins, No. 1:05-CV-0336-TWT. The Eleventh Circuit Court of Appeals affirmed that decision and found,

> [Plaintiff's] rights are governed by the 2001 injunction, which requires annual reconsideration, but says nothing about an annual hearing. The reconsideration rule in effect when [Plaintiff] committed his crimes, which the Board agreed to continue in the 2001 injunction, also did not

5

> mention a hearing. That rule stated, "Reconsideration of those who have been denied parole shall take place at least annually." Board R . 475-3-.05(2) (1972). [Plaintiff] does not allege that the Board failed to reconsider him for parole in any year after the entry of the 2001 injunction. Because [Plaintiff] raised no genuine issue of material fact relating to the Board's compliance with the 2001 injunction, the district court did not err . . . .

See Akins, 204 Fed. Appx. at 842.

In his current complaint, Plaintiff asserts that Defendants, various members or former members of the Board and the Georgia Department of Corrections, are in contempt of the consent agreement and complains that, although the Board reconsidered him for parole from 2001 through 2007, the Board failed in 2008 to reconsider him for parole and he has not received any notice regarding a denial or grant of parole. (Doc. No. 1 at 1, 31-34, 37-38 and Ex. J.) Plaintiff seeks injunctive and declaratory relief, in addition to damages. (Id. at 40-42.) The Board is required to reconsider Plaintiff annually, and for the purposes of preliminary review, this Court finds that Plaintiff allegation that the Board failed to reconsider him in 2008 is sufficient to state a claim for contempt of the consent agreement, and Plaintiff shall be allowed to proceed.

### III. Conclusion

For the reasons given,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915A, Plaintiff's civil rights action is **ALLOWED TO PROCEED** as any other civil action.

The Clerk is hereby **DIRECTED** to send Plaintiff a USM 285 form and summons for each Defendant and the initial disclosures form. Plaintiff is **DIRECTED** to complete a USM 285 form and summons for each Defendant named in the complaint and to complete the initial disclosures form. Plaintiff is **DIRECTED** to return the completed material to the Clerk of Court within twenty (20) days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include, for each Defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1)

AO 72A
(Rev.8/82)

copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms and the summonses.

Upon completion of the service waiver packages, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver packages to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to return an executed waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service packages, the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

AO 72A
(Rev.8/82)

Plaintiff is **DIRECTED** to serve upon Defendants or their counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendants or their counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendants advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

This case **SHALL PROCEED** on a four (4) month discovery track, beginning thirty (30) days after the first appearance of a Defendant by answer to the complaint, subject to extension by motion filed prior to the expiration of that discovery period. See N.D. Ga., LR 26.2.A. & B.

IT IS SO ORDERED, this 13 day of May, 2009.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)