FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

OCT 16 2009

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHESTER T. AKINS, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| MILTON E. (BUDDY) NIX, JR., | : | CIVIL ACTION NO. |
| et al., | : | 1:09-CV-0575-TWT |
|     Defendants. | : | |

## ORDER and OPINION

This Court previously allowed Plaintiff to proceed on his claim that various members or former members of the Georgia Board of Pardons and Paroles and the Georgia Department of Corrections are in contempt of a prior consent agreement with Plaintiff. (Doc. No. 4 at 6-7.) The matter is before the Court on Plaintiff's motion to compel the Clerk's Office to furnish him with an additional eight USM 285 forms and summonses. (Doc. No. 21.) Plaintiff states that he only received six forms and summonses, although he named fourteen Defendants. (Id.) In his complaint, Plaintiff named as Defendants: Milton E. (Buddy) Nix, Jr.; James E. Donald; Robert E. Keller; L. Gale Buckner; Garland R. Hunt, Esq.; Garfield Hammonds, Jr.; Wayne Dasher; Bruce Hudson; Carlton Powell; Wayne Garner; Bobby K. Whitworth; the Board of

AO 72A
(Rev.8/82)

Pardons and Paroles; the Board of Corrections; and the Department of Corrections. (Doc. No. 1 at 1, 3, 19, 22, 24, 31-34.)

The Eleventh Amendment bars any action, regardless of the relief sought, against the Georgia Department of Corrections and Board of Corrections, state entities. See Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989)). Additionally, the Eleventh Amendment bars any action, whether for damages or equitable relief, against state entities such as the Board of Pardons and Paroles. See Fuller v. Georgia State Bd. of Pardons and Paroles, 851 F.2d 1307, 1309 (11th Cir. 1988); see also Cory v. White, 457 U.S. 85, 90-91 (1982). The entities protected by Eleventh Amendment immunity are due to be dismissed. Otherwise, for good cause shown, Plaintiff's motion shall be granted.

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's motion to compel the Clerk's Office (Doc. No. 21) is **DENIED** in part, and the Board of Pardons and Paroles, the Board of Corrections, and the Department of Corrections are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. No. 21) is **GRANTED** in part, and the Clerk of Court is **DIRECTED** to add Wayne Dasher, Bruce Hudson, Carlton Powell, Wayne Garner, and Bobby K. Whitworth as Defendants in this action.

AO 72A
(Rev.8/82)

The Clerk is **FURTHER DIRECTED** to send Plaintiff a USM 285 form and summons for each of the five additional Defendants. Plaintiff is **DIRECTED** to complete a USM 285 form and summons for each additional Defendant. Plaintiff is **DIRECTED** to return the completed material to the Clerk of Court within twenty (20) days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of the additional five Defendants. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include, for each Defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms and the summonses.

Upon completion of the service waiver packages, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and

3

to mail the service waiver packages to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to return an executed waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service packages, the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

**IT IS SO ORDERED**, this _16_ day of _October_, 2009.

_Thomas W. Thrash_
THOMAS W. THRASH
UNITED STATES DISTRICT JUDGE

4

AO 72A
(Rev.8/82)